SUPREME COURT OF ARIZONA

In the Matter of a Member of the )    Arizona Supreme Court
State Bar of Arizona,                 )    No.  SB-02-0124-D
                                   )
                                   )    Disciplinary Commission
                                   )    Nos. 00-0429
WILLIAM J. DOWNEY,             )        00-1469
Bar No.  007379,               )        00-2058
                                   )
                                   )    **AMENDED**
                                   )   **MEMORANDUM DECISION**
               Respondent.)      **AND ORDER**
                                   )    (Not for Publication
                                   )    Ariz. R. Sup. Ct. 111)

REVIEW FROM DISCIPLINARY COMMISSION

**REMANDED**

---

KIMERER & DERRICK                                  Phoenix
     by    Michael D. Kimerer
     and   Holly R. Gieszl
Attorneys for Respondent

STATE BAR OF ARIZONA                          Phoenix
     by    Robert B. Van Wyck, Chief Bar Counsel
     and   James D. Lee, Senior Bar Counsel
Attorneys for State Bar of Arizona

BRYAN CAVE, L.L.P.                              Phoenix
     by    Mark I. Harrison
     and   Dawn R. Sinclair
Attorneys for Amicus Curiae

---

**B E R C H**, Justice

¶1       On January 9, 2003, this court heard oral argument regarding the appropriate discipline to impose upon Respondent William J. Downey.  Respondent had been found by a hearing officer of the State Bar to have violated the Rules of Professional Conduct

by failing to hold the property of clients or others associated with his representation of clients separate from his personal and business funds, failing to promptly and accurately record all trust account transactions, failing to promptly deliver to third persons funds they were entitled to receive, failing to maintain and preserve trust records, failing to observe the Supreme Court's Trust Account Guidelines, failing to use internal controls to safeguard the funds held in trust, failing to maintain appropriate trust records, and failing to respond promptly and completely to State Bar inquiries. The charges against Respondent stemmed from his commingling of personal and client funds in his trust account and his use of his trust account as a source from which to pay personal and business expenses. Some acts were deemed to be knowing rather than negligent because they continued to occur after Respondent had been educated through consultation with a Law Office Management Assistance Program representative to learn about trust account responsibilities. This conduct was found to have violated Rule 42, Ariz. R. Sup. Ct., ER 1.15(a) and (b), ER 8.1(b), Rule 43(a) and (d)(1.a, 1.c, 1.d, 1.e, 2.b, 2.c, 2.d, and 2.f), Rule 44(a) and (b)(4), and Rule 51(h) and (i). The hearing officer recommended, among other things, that Respondent be suspended from the practice of law for six months.

¶2      The members of the disciplinary commission adopted the hearing officer's findings, but reduced the sanction from a six-month to a three-month suspension.

¶3      At oral argument before this court, it was revealed that new evidence was available that the parties acknowledged might bear on the appropriate disposition of these charges and other charges pending against the Respondent.

¶4      In light of the foregoing, we conclude that the interests of justice require that this matter be remanded to the hearing officer for further proceedings.  In the interim, Respondent will be placed on suspension from the practice of law, pending final determination of discipline.  Ariz. R. Sup. Ct. 52(c) (allowing interim suspension by court).  We base the imposition of interim suspension upon the showing on the record that Respondent "appears to be . . . engaging in conduct the continuation of which will result in substantial harm, loss or damage to the public, the legal profession or the administration of justice."  *Id.* § (c)(1). Therefore,

¶5      **IT IS ORDERED** that Respondent William J. Downey is hereby placed on interim suspension from the practice of law.

¶6      **IT IS FURTHER ORDERED** that such suspension shall continue in effect until further order of this court.

¶7        **IT IS FURTHER ORDERED** remanding this matter to a hearing officer for further proceedings.

DATED this 10th day of January, 2003.

_____
Rebecca White Berch, Justice

CONCURRING:

_____
Charles E. Jones, Chief Justice

_____
Michael D. Ryan, Justice